IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RILWAN AKINOLA,

   Plaintiff,

v.

OFFICER LAVIN, CO II, *et al.*,

   Defendants.

Civil Action No. DKC-22-657

**MEMORANDUM OPINION**

Plaintiff Rilwan Akinola's complaint, filed pursuant to 42 U.S.C. § 1983,[1] (ECF No. 1-1) centers on an incident in which he slipped and fell, and his subsequent medical treatment for resulting injuries. *Id.* Remaining as defendants,[2] are Nurse Amy Stafford-Shroyer and Corizon Health, Inc.[3] Now pending before the court is a motion to dismiss filed by Corizon Health, Inc. and Nurse Stafford-Shroyer. (ECF No. 23). Mr. Akinola was informed of his right to respond (ECF No. 24), and he did so on February 28, 2023. (ECF No. 33). He has also filed a motion for leave to file medical evidence (ECF No. 26) and a declaration pursuant to Federal Rule of Civil Procedure 56(d) (ECF No. 27).

---

[1] Mr. Akinola's complaint (ECF No. 1-1) included an attachment (ECF No 1-2) which appears to be a duplicate copy of the complaint. This memorandum will only cite to the original complaint (ECF No. 1-1).

[2] The claims against Defendant Officer Lavin, CO II, were dismissed on February 22, 2023. (ECF No. 32).

[3] Mr. Akinola's complaint initially named "Corizon Health Sources" and "Nurse Amy." (ECF No. 1-1). These defendants were later identified by counsel as Corizon Health, Inc. (ECF No. 15) and Amy Stafford-Shroyer (ECF No. 17).

Corizon Health, Inc. ("Corizon") has filed bankruptcy proceedings in which an automatic stay has been issued. *See In re: Tehum Care Services, Inc.*, Case No. 23-90086 (CML) (Bankr. S.D. Tex). Accordingly, the case is stayed as to Corizon and no further proceedings will take place concerning that defendant unless the stay is lifted. (ECF No. 34). The court will not address Corizon's portion of the pending motion to dismiss.

No hearing is deemed necessary as the issues as to Nurse Stafford-Shroyer's portion of the motion to dismiss have been fully briefed. *See* Local Rule 105.6 (D. Md. 2021). For the reasons set forth below, Nurse Stafford-Shroyer's portion of the motion to dismiss will be denied and Mr. Akinola's motion for leave to file medical evidence will be denied without prejudice.

## BACKGROUND

On the morning of September 23, 2021, while confined at Western Correctional Institution ("WCI"), Mr. Akinola and his cell mate were escorted to use the showers by Officer Lavin. (ECF No. 1-1 at 1-2).[4] Following the shower, both inmates were escorted by Officer Lavin back to their cell. *Id.* at 2. Both inmates were handcuffed, but Officer Lavin was only physically supporting Mr. Akinola's cell mate. *Id.* Mr. Akinola then slipped and fell "while restrained in a fashion that prevented him from bracing for the fall" or "protecting himself." *Id.* He sustained injuries to his lower back, and left arm, hip, leg, and ankle. *Id.* He "remained in constant excruciating pain for hours." *Id.* Mr. Akinola states that he should have been escorted by an officer to support and prevent him from falling. *Id.*

Relevant to his claims against Nurse Stafford-Shroyer, Mr. Akinola states that he was in "constant excruciating pain" and he "complained of pain and multiple serious injuries, without

---

[4] Citations refer to the pagination assigned by the court's Case Management and Electronic Case File (CM/ECF) system.

receiving even the slightest medical attention." *Id.* at 2-3.  Mr. Akinola states that, despite that allegation, Nurse Stafford-Shroyer "prescribed muscle rub, Tylenol" and "indicated not to worry because she was scheduling Plaintiff for a consultation or doctor's appointment for the injuries." *Id.* at 3.  Mr. Akinola alleges that "no physical examination was done by" Nurse Stafford-Shroyer. *Id.*  Further, despite a "barrage of sick-call requests," he was "never called to medical even one time!"  *Id.*   He states that Nurse Stafford-Shroyer works for Corizon Health, Inc., who is "contracted by the State of Maryland to provide constitutional minimums of medical treatment to Maryland prisoners." *Id.*

Mr. Akinola purports to assert claims stemming from this incident, including gross negligence; a violation of his First, Fourth, Sixth, and Eighth Amendment rights; and a violation of his right to procedural and substantive due process.  *Id*. at 4-5.  As to Nurse Stafford-Shroyer, Mr. Akinola states that she exhibited "deliberate medical indifference" by failing to perform her duties "in reckless disregard of the consequences as they affected [Mr. Akinola's] life, health, and safety." *Id.*  The court is not obligated to accept Mr. Akinola's labels.  Even if it were, it would be required to dismiss any claims inadequately stated because Mr. Akinola proceeds *in forma pauperis*.  *See* 28 U.S.C. § 1915 (e)(2)(B)(ii).  Based on the factual background set forth in the complaint and fully outlined above, the court finds that Mr. Akinola has not proffered facts alleging a violation of his rights to procedural or substantive due process, or his First, Fourth, or Sixth Amendment rights.  Construing the complaint liberally, Mr. Akinola has, at best, put forth a claim that Nurse Stafford-Shroyer rendered inadequate medical care, violating his right to be free from

cruel and unusual punishment pursuant to the Eighth Amendment and has also raised a state law claim of gross negligence.[5]  His complaint is therefore analyzed accordingly.

## STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) "tests the sufficiency of the claims pled in a complaint." *Paradise Wire & Cable Defined Benefit Pension Plan v. Weil*, 918 F.3d 312, 317 (4th Cir. 2019).  To overcome a Rule 12(b)(6) motion, a complaint must allege sufficient facts to state a plausible claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A claim is plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

In evaluating the sufficiency of the plaintiff's claims, "a court 'must accept as true all of the factual allegations contained in the complaint,' and must 'draw all reasonable inferences [from those facts] in favor of the plaintiff.'"  *Retfalvi v. United States*, 930 F.3d 600, 605 (4th Cir. 2019) (alteration in original) (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011)).  However, the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement[.]" *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009).  Accordingly, in ruling on a motion brought under Rule 12(b)(6), a court "separat[es] the legal conclusions from the factual allegations, assum[es] the truth of only the factual allegations, and then determin[es] whether those allegations allow the court to reasonably infer that 'the defendant is liable for the

---

[5]  Negligence is a state law tort claim.  *See Stracke v. Est. of Butler*, 465 Md. 407, 420-21 (2019) ("simple negligence is 'any conduct, except conduct recklessly disregardful of an interest of others, which falls below the standard established by law for protection of others against unreasonable risk of harm.'  On the other hand, this court has explained that 'gross negligence is an intentional failure to perform a manifest duty in reckless disregard of the consequences as affecting the life or property of another, and also implies a thoughtless disregard of the consequences without the exertion of any effort to avoid them.'") (internal citations omitted).

misconduct alleged.'" *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, 566 U.S. 937 (2012) (quoting *Iqbal*, 556 U.S. at 1949-50).

When deciding a motion to dismiss under Rule 12(b)(6), a court typically considers only the complaint and any attached documents. *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007). The court may "consider documents . . . attached to the motion to dismiss, so long as they are integral to the complaint and authentic[.]" *Id*. (citation omitted).

*Pro se* complaints must be construed liberally and must be "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "Dismissal of a pro se complaint for failure to state a valid claim is therefore only appropriate when, after applying this liberal construction, it appears '*beyond doubt* that the plaintiff can prove *no set of facts* in support of his claim which would entitle him to relief.'" *Spencer v. Earley*, 278 F. App'x 254, 259-60 (4th Cir. 2008) (emphasis in original) (quoting *Haines v. Kerner*, 404 U.S. 519, 521 (1972)). However, despite this liberal construction requirement, "[p]rinciples requiring generous construction of *pro se* complaints are not … without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Courts are not required to "conjure up questions never squarely presented to them" nor "construct full blown claims from sentence fragments." *Id.*

ANALYSIS

A.  Res Judicata

Nurse Stafford-Shroyer first asserts that Mr. Akinola's claims are barred by the doctrine of res judicata. *Id.* at 4. She asserts that Mr. Akinola filed a complaint in state court naming the same medical defendants and alleging the same factual predicate. *Id*. at 5-6. She states that "the Court's Judgment issued against Plaintiff following trial on July 13, 2022, constituted a valid final

judgment on the merits by a court of competent jurisdiction and, therefore, Plaintiff's Complaint should be dismissed on the basis of res judicata." *Id.* at 6.

Res judicata is an affirmative defense. Fed. R. Civ. P. 8(c)(1). Affirmative defenses such as res judicata are not typically considered at the motion to dismiss stage, unless the facts sufficient to rule on the defense are alleged in the complaint. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). That is plainly not the case here. Sometimes, a court may take judicial notice of a prior judicial proceeding without converting a motion to dismiss into one for summary judgment. *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000). Again, however, the facts revealed by the judicial notice must not be in dispute. And again, that is not the case here inasmuch as Nurse Stafford-Shroyer has failed to provide even a case number or any factual information about Mr. Akinola's state court case. On the current record, Defendant has not shown the applicability of the affirmative defense of res judicata as a ground to dismiss the complaint.

B.     Failure to State a Claim

Further, Nurse Stafford-Shroyer argues that Mr. Akinola has failed to state a claim upon which relief can be granted. *Id.* at 6-8. She includes portions of Mr. Akinola's medical records with the motion to dismiss. (ECF No. 23-2).[6] Nurse Stafford-Shroyer argues that Mr. Akinola's "claims that [she] was deliberately indifferent to his medical needs are entirely unfounded and

---

[6] The court will not consider Nurse Stafford-Shroyer's proffered documents in reviewing the motion to dismiss as it does not find them integral to the complaint. Moreover, on December 5, 2022, Mr. Akinola filed a motion for leave to file medical evidence. (ECF No. 26). In the motion, he seeks to file physical therapy evaluations from September and October 2022, and medical discharge papers from Sinai Hospital in November 2022. *Id.* at 1-2. Mr. Akinola submits these documents to "continue [to] prove" that he "sustained injuries due to [his] slip and falling down the steps at Western Correctional Institution." *Id.* at 2. The motion will be denied without prejudice as these documents are not relevant to the court's consideration of the currently pending motion to dismiss. As the case progresses, Mr. Akinola may include these exhibits in subsequent filings if he feels that they are relevant and material.

baseless." (ECF 23-1 at 8).  Accordingly, she requests that the court dismiss the complaint.  *Id.* at 10.

Mr. Akinola was informed of his right to respond to the medical defendants' motion to dismiss (ECF No. 24) and was granted an extension within which to file his response (ECF No. 29).  He filed his opposition on February 28, 2023.  (ECF No. 33).  He styles this opposition as a declaration pursuant to Federal Rule of Civil Procedure 56(d).  *Id.*  Therein, he avers that summary judgment would be inappropriate because he requires discovery in several areas.  *Id.*  However, at this point, Nurse Stafford-Shroyer has only moved to dismiss Mr. Akinola's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, not Rule 56.  Thus, the court need not consider the declaration opposing summary judgment pursuant to Rule 56(d) and will instead construe this filing as an opposition to the motion to dismiss.

The Eighth Amendment proscribes "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment.  U.S. Const, Amend. VIII; *Gregg v. Georgia,* 428 U.S. 153, 173 (1976); *see Estelle v. Gamble*, 429 U.S. 97, 102 (1976); *King v. Rubenstein,* 825 F.3d 206, 218 (4th Cir. 2016).  Notably, it "proscribes more than physically barbarous punishments." *Estelle*, 429 U.S. at 103.  It also "embodies" the "'concepts of dignity, civilized standards, humanity, and decency …'"  *Id.* (citation omitted).  Thus, the Eighth Amendment "protects inmates from inhumane treatment and conditions while imprisoned." *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996).

The Fourth Circuit has observed that "not all Eighth Amendment violations are the same: some constitute 'deliberate indifference,' while others constitute 'excessive force.'" *Thompson v. Virginia*, 878 F.3d 89, 97 (4th Cir. 2017) (quoting *Whitley v. Albers*, 475 U.S. 312, 319-20 (1986)). In general, the deliberate indifference standard applies to cases alleging failure to safeguard the

inmate's health and safety, including failing to protect inmates from attack, maintaining inhumane conditions of confinement, and failure to render medical assistance. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294, 303 (1991); *Thompson*, 878 F.3d at 97. Because Mr. Akinola is arguing that Nurse Stafford-Shroyer rendered constitutionally inadequate medical care, only the deliberate indifference standard is applicable here.

In order to state an Eighth Amendment claim for denial of medical care, a plaintiff must demonstrate that the actions of the defendant, or her failure to act, amounted to deliberate indifference to a serious medical need. *See Estelle*, 429 U.S. at 106; *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014); *Iko v. Shreve*, 535 F. 3d 225, 241 (4th Cir. 2008). The Fourth Circuit has characterized the applicable standard as an "exacting" one. *Lightsey*, 775 F.3d at 178. Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner plaintiff was suffering from a serious medical need and that, subjectively, the prison staff were aware of the need for medical attention but failed either to provide it or to ensure the needed care was available. *See Farmer*, 511 U.S. at 837; *see also Hudson v. McMillian*, 503 U.S. 1, 9 (1992). The Fourth Circuit has said: "True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk." *Rich v. Bruce*, 129 F.3d 336, 340 n.2 (4th Cir. 1997). "Actual knowledge or awareness on the part of the alleged inflicter . . . becomes essential to proof of deliberate indifference 'because prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment.'" *Brice v. Va. Beach Corr. Center*, 58 F.3d 101, 105 (4th Cir. 1995) (quoting Farmer, 511 U.S. at 844).

Moreover, an inmate's mere disagreement with medical providers as to the proper course of treatment also does not support a claim under the deliberate indifference standard. *See Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985); *Wester v. Jones*, 554 F.2d 1285 (4th Cir. 1977).

8

Rather, a prisoner-plaintiff must show that the medical provider failed to make a sincere and reasonable effort to care for the inmate's medical problems. *See Startz v. Cullen*, 468 F.2d 560, 561 (2d Cir. 1972); *Smith v. Mathis*, PJM-08-3302, 2012 WL 253438, at * 4 (D. Md. Jan. 26, 2012), aff'd, 475 F. App'x 860 (4th Cir. 2012).

Mr. Akinola states in his complaint that he was left in "constant excruciating pain for hours[,]" and that despite his requests for assistance he did not receive "even the slightest medical attention." (ECF No. 1-1 at 2-3). Mr. Akinola avers that despite his "extreme pain, discomfort, and concern for permanent injury," Nurse Stafford-Shroyer prescribed muscle rub and Tylenol without physically examining him. *Id.* at 3. He states that although Nurse Stafford-Shroyer advised him that she would schedule him for a follow-up consultation with a doctor, no follow-up appointment occurred. *Id.* Despite a "barrage of sick-call requests," Mr. Akinola was "never called to medical even one time!" *Id.*

Accepting all factual allegations as true and drawing all reasonable inferences therefrom in favor of Mr. Akinola, as the court must when evaluating a motion to dismiss, *see Retfalvi v. United States*, 930 F.3d 600, 605 (4th Cir. 2019), Mr. Akinola has put forth facts plausibly alleging that Nurse Stafford-Shroyer violated his constitutional rights. He alleges that additional, and more intensive, medical care was needed that day and this defendant failed to provide such care or schedule the necessary follow-up appointments. From these facts, the court cannot find that Nurse Stafford-Shroyer is entitled to dismissal of all claims against her under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Nurse Stafford Shroyer's motion to dismiss must be denied.[7]

---

[7] Because Mr. Akinola's federal claim has not been dismissed, the court leaves open the possibility that, if the case proceeds, it may exercise supplemental jurisdiction and consider his state law negligence claims pursuant to 28 U.S.C. § 1367(a).

CONCLUSION

For the foregoing reasons, Nurse Stafford-Shroyer's motion to dismiss will be denied and Mr. Akinola's "motion for leave to file medical evidence" (ECF No. 26) will be denied without prejudice. A separate Order follows.


May 9, 2023                                                      /s/
                                                    DEBORAH K. CHASANOW
                                                    United States District Judge