```
                IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF MARYLAND
                                      :
RILWAN AKINOLA
                                      :
     v.                               :   Civil Action No. DKC 22-0657
                                      :
CORIZON HEALTH SERVICE, et al.
                                      :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this civil rights case is the motion to amend the operative complaint filed by Plaintiff Rilwan Akinola ("Mr. Akinola"). (ECF No. 57). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion will be granted.

**I.  Background**

The relevant factual background in this case is set out in a prior opinion. (ECF No. 31). Mr. Akinola, proceeding *pro se* and *in forma pauperis*, filed this lawsuit on March 17, 2022, pursuant to 42 U.S.C. § 1983. (ECF No. 1). As defendants, Mr. Akinola named Officer Lavin, CO II, Nurse Amy Stafford-Shroyer, and Corizon Health, Inc. Officer Lavin filed a motion to dismiss, or in the alternative, for summary judgment with respect to the claims against him on August 3, 2022. (ECF No. 10). The court granted the motion, construed as a motion to dismiss, on February 22, 2023,

and dismissed all claims against Officer Lavin. (ECF Nos. 31-32). Mr. Akinola, now represented by counsel, filed the pending motion for leave to amend the complaint to re-add the claims against Officer Lavin on September 13, 2024. (ECF No. 57).[1] Officer Lavin opposed on October 10, 2024 (ECF No. 62), and Mr. Akinola replied on October 24, 2024. (ECF No. 63).

## II. Standard of Review

Fed.R.Civ.P. 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." "Denial of leave to amend should occur 'only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'" *Jarallah v. Thompson*, 123 F.Supp.3d 719, 728 (D.Md. 2015) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)). An amendment is futile if it is clearly insufficient or frivolous on its face and would not survive a motion to dismiss. *See Tawwaab v. Va. Linen Serv., Inc.*, 729 F.Supp.2d 757, 769 (D.Md. 2010). "[T]o survive a motion to

---

[1] Pursuant to Local Rule 103.6(d), counsel for Mr. Akinola requested the consent of other counsel prior to filing the motion requesting leave to file the amended complaint. Because the proposed amended complaint amends the pending claims against Amy Stafford-Shroyer and Officer Lavin, counsel for each party was contacted. Counsel for Amy Stafford-Shroyer consented, counsel for Officer Lavin did not. (ECF No. 57-1, at 3).

dismiss, a complaint must contain sufficient factual matter, that when accepted as true, is sufficient to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft*, 556 U.S. at 678.

**III. Analysis**

Mr. Akinola requests leave to amend his complaint to add "additional factual allegations in support" of his previously dismissed claims against Officer Lavin.  (ECF No. 57-1, at 3).  Mr. Akinola asserts leave should be granted because "the proposed amendment is not futile, does not prejudice [Officer] Lavin, and is not in bad faith."[2]  (ECF No. 57-1, at 3-4).  Officer Lavin argues that Mr. Akinola's motion to amend should be denied because: (1) the proposed amendment constitutes "undue delay and [it is] made in bad faith" and (2) the "additional factual allegations . . . are not sufficient to cure the deficiencies" stated in the prior dispositive motion.  (ECF No. 62, at 7-8).

---

[2] In the alternative, Mr. Akinola requests that the court grant "limited reconsideration of its order dismissing the original Complaint's claims against [Officer] Lavin to specify that this dismissal was without prejudice, and then grant leave to amend."  (ECF No. 57-1, at 4).  For the reasons explained in this opinion, the court will not grant limited reconsideration.

**A. Bad Faith**

Officer Lavin contends that Mr. Akinola should not be able to add additional facts known to him since September 23, 2021. Officer Lavin argues that the "facts [Mr. Akinola] uses as the basis for amending his Complaint are not facts that [Mr. Akinola] needed to learn through discovery to be able to amend his Complaint." (ECF No. 62, at 7). Officer Lavin argues that "[t]o now try and assert these alleged facts through an amended complaint after three years and numerous filings is an undue delay and made in bad faith" and therefore Mr. Akinola's motion should be denied.[3] (*Id.*, at 7-8). Mr. Akinola responds that his "prior knowledge of facts added in the proposed Amended Complaint is not ground to deny leave to amend." (ECF No. 63, at 3).

Mr. Akinola moves to amend his complaint more than two years from the date the complaint was initially filed. Until April 4, 2024, however, Mr. Akinola was proceeding *pro se*. Mr. Akinola moved to amend his complaint on September 13, 2024, roughly five months after Mr. Akinola obtained counsel. The delay was not undue. Mr. Akinola does not seek to add any new legal theories or causes of action, he only seeks to add additional facts clarifying

---

[3] Although Officer Lavin asserts that the proposed amended complaint is "made in bad faith," the only discussion of the purported bad faith is Mr. Akinola's delay in adding facts known to him since September 23, 2021. (ECF No. 62, at 6-8).

4

and supporting his allegations against Officer Lavin. *See Johnson v. Silver*, 742 F.2d 823, 825 (4th Cir. 1984).

Further, even if the delay was undue, "[d]elay alone is an insufficient reason to deny leave to amend." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (citation omitted); *see also Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980) ("Delay alone however, without any specifically resulting prejudice, or any obvious design by dilatoriness to harass the opponent, should not suffice as reason for denial."); *Brightwell v. Hershberger*, 11-3278-DKC, 2015 WL 5315757, at *3 (D.Md. Sept. 10, 2015) ("Delay, however, 'cannot block an amendment which does not prejudice the opposing party.'") (quoting *Frank M. McDermott, Ltd. v. Moretz*, 898 F.2d 418, 421 (4th Cir. 1990)). "Rather, the delay must be accompanied by prejudice, bad faith, or futility." *Edwards*, 178 F.3d at 242 (citation omitted); *see Simmons, LLC*, 634 F.3d at 769; *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010); *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008); *Steinburg v. Chesterfield Cnty. Plan. Comm'n*, 527 F.3d 377, 390 (4th Cir. 2008).

Officer Lavin has not made a sufficient showing of bad faith or prejudice caused by the delay.

### B. Futility

Mr. Akinola seeks to resurrect his Eighth Amendment claim against Officer Lavin. Officer Lavin argues that the proposed

amended complaint would be futile because it fails to cure "both the objective and subjective components" of an Eighth Amendment violation. (ECF No. 62, at 10).

This court explained in the prior opinion:

> The [United States Court of Appeals for the] Fourth Circuit has observed that "not all Eighth Amendment violations are the same: some constitute 'deliberate indifference,' while others constitute 'excessive force.'" *Thompson v. Virginia*, 878 F.3d 89, 97 (4th Cir. 2017) (quoting *Whitley v. Albers*, 475 U.S. 312, 319-20 (1986)). In general, the deliberate indifference standard applies to cases alleging failure to safeguard the inmate's health and safety, including failing to protect inmates from attack, maintaining inhumane conditions of confinement, and failure to render medical assistance. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294, 303 (1991); *Thompson*, 878 F.3d at 97. . . .

(ECF No. 31, at 6).

> To establish liability, a two-part inquiry that includes both an objective and a subjective component must be satisfied. *See Raynor v. Pugh*, 817 F.3d 123, 127 (4th Cir. 2016). Objectively, the prisoner "must establish a serious deprivation of his rights in the form of a serious or significant physical or emotional injury" or substantial risk of either injury. *Danser v. Stansberry*, 772 F.3d 340, 346-47 (4th Cir. 2014). The objective inquiry requires this court to "assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk." *Helling v. McKinney*, 509 U.S. 25, 36 (1993).

> Subjectively, a plaintiff must establish that the prison official involved had "a sufficiently culpable state of mind" amounting to "deliberate indifference to inmate health or safety." *Farmer*, 511 U.S. at 834. Evidence establishing a culpable state of mind requires actual knowledge of an excessive risk to the prisoner's safety or proof that prison officials were aware of facts from which an inference could be drawn that a substantial risk of serious harm exists and that the inference was drawn. *Id.* at 837. However, actual knowledge of a substantial risk does not alone impose liability. Where prison officials responded reasonably to a risk, they may be found free of liability. *Farmer*, 511 U.S. at 844.

(ECF No. 31, at 6-8).

In the proposed amended complaint, Mr. Akinola alleges that Officer Lavin exhibited deliberate indifference by "ordering and prodding Mr. Akinola to walk down the stairs while wet, shackled, and unescorted" with Mr. Akinola's hands cuffed behind his back and failing to secure timely medical assistance for Mr. Akinola after the fall.  (ECF No. 57-3, at 13-15).

### a. Objective Component

Officer Lavin contends that "[a]s it relates to the objective component, the proposed Amended Complaint fails to allege that [Mr. Akinola] was tripped, pushed, shoved, tossed or thrown down the stairs." (ECF No. 62, at 10).  Officer Lavin further argues that Mr. Akinola "fails to provide any allegations to show [Mr. Akinola] endured extreme deprivation by virtue of having to wait four hours in his cell before being evaluated by a medical

7

provider." (*Id.*). Officer Lavin asserts that Mr. Akinola's "alleged injuries as stated in the proposed Amended Complaint are still incidental to that of a slip and fall, an accident that does not rise to the level of an objective standard of violating the contemporary standards of decency." (*Id.*).

As this court previously explained:

> Most slip and fall cases, particularly in shower areas, present claims of simple negligence that are not cognizable under § 1983, even when the prisoner is handcuffed, or the prison's procedures require escort. *See*, for example, *Stevens v. Jividen*, Civil Action No. 1:18cv140, 2021 WL 1539154, *6-8 (N.D.W.Va. January 5, 2021), citing, *inter alia*, *Martinez v. Cornell*, No. 5:12- CT-3183-FL, 2014 WL 3955073 (E.D.N.C. August 13, 2014), where an inmate, handcuffed behind his back, broke his arm when he stepped into a shower and sued the escorting officer who failed to keep a steadying hand on him. *Accord*, *Cadle v. Rubenstein*, Civil Action No. 1:17cv218, 2018 WL 6628961, at *5-6 (N.D.W.Va. October 24, 2018) (finding no cause of action against an officer who failed to protect prisoner from serious injury by physically assisting him to descend stairs while cuffed and shackled, even if the officer violated policy by not maintaining physical contact as he went down the stairs.) The few cases that find the allegations sufficient to sustain a claim contain facts that are more egregious. In *Anderson v. Morrison*, 835 F.3d 681, 683 (7th Cir. 2016), the court noted that:
>
> > Prisons are not required to provide a 'maximally safe environment,' *Carroll v. DeTella*, 255 F.3d 470, 472 (7th Cir. 2001), but they must address easily preventable, observed hazards that pose a significant risk of severe harm to inmates. *Withers v. Wexford Health Sources, Inc.*, 710 F.3d 688, 689 (7th Cir.

8

>  2013); *Smith v. Peters*, 631 F.3d 418, 420 (7th Cir. 2011); *Gates v. Cook*, 376 F.3d 323, 338 (5th Cir. 2004).
>
>  That court found that "forcing someone to walk handcuffed and unaided down stairs needlessly strewn with easily removable milk, food, and garbage," as alleged by the prisoner, "poses an unreasonable peril." *Anderson*, 835 F.3d at 683. The court distinguished cases dealing with slippery, wet floors that were unavoidably wet, such as in showers. *Id.*

(ECF No. 31, at 8-9).

Mr. Akinola's proposed amended complaint includes factual allegations that exceed those of a slip and fall case and demonstrate the objective requirement of deliberate indifference. Mr. Akinola alleges, in essence, that Officer Lavin: (1) prevented Mr. Akinola from being able to support himself by handcuffing him behind his back; (2) proceeded at a fast pace, forcing Mr. Wilson to push up against Mr. Akinola's heels; (3) ordered Mr. Akinola down the stairs despite knowing he could not support himself, was wet, and had no escort; and (4) did not get medical attention for Mr. Akinola for three to four hours despite knowing Mr. Akinola was in pain. (ECF No. 57-3, 13-15).

Thus, for the initial injury, Mr. Akinola alleges "a significant risk of severe harm" beyond that of merely a wet staircase. While the presence of water on the staircase may have been unavoidable, forcing someone who cannot support himself down

a staircase at a fast pace "poses an unreasonable peril." *See Anderson*, 835 F.3d at 683.

Additionally, the Fourth Circuit has explained:

> In medical needs cases . . . the *Farmer* test requires plaintiffs to demonstrate officials' deliberate indifference to a "serious" medical need that has either "been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008).

*Scinto v. Stansberry*, 841 F.3d 219, 225 (4th Cir. 2016).

As to Mr. Akinola's medical needs, he alleges that Officer Lavin saw him fall, he told Officer Lavin of his pain, and displayed difficulty walking and visible swelling. (ECF No. 57-3 ¶¶ 30-32). Additionally, Mr. Akinola alleges that "his pain was so severe and apparent to his cellmate Mr. Wilson that Mr. Wilson began banging on the door of the cell to get an officer's attention." (*Id.* ¶ 32). All these factors would lead a lay person to recognize the need for medical attention. *Scinto*, 535 F.3d at 241 (quoting *Iko*, 535 F.3d at 241). Accordingly, the amended complaint sufficiently alleges the objective prong of Mr. Akinola's Eighth Amendment claim.

### b. Subjective Prong

To satisfy the subjective prong, "a plaintiff must show that the defendant possessed a 'sufficiently culpable state of mind.' *Campbell v. Florian*, 972 F.3d 385, 394 (4th Cir. 2020) (quoting

*Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). "Inadvertence or error in good faith," is not enough. *Id.* (quoting *Wilson*, 501 U.S. at 299). "Thus, to make out an Eighth Amendment violation, the Supreme Court requires that a plaintiff show that state officials were 'deliberate[ly] indifferent' to his plight." *Id.* (first citing *Farmer*, 511 U.S. at 834; then citing *Anderson*, 877 F.3d at 543).

The Fourth Circuit has explained:

> "[D]eliberate indifference" is a form of *mens rea* (or "guilty mind") equivalent to criminal-law recklessness. *Farmer*, 511 U.S. at 839–40, 114 S.Ct. 1970. In our Circuit, liability under this standard requires two showings: "[T]he prison official must have both 'subjectively recognized a risk of substantial harm' and 'subjectively recognized that his actions were inappropriate in light of that risk.'" *Anderson*, 877 F.3d at 545 (emphasis omitted) (quoting *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004) (Opinion of Williams, J.)); *see also Cox v. Quinn*, 828 F.3d 227, 236 (4th Cir. 2016); *Rich v. Bruce*, 129 F.3d 336, 340 n.2 (4th Cir. 1997). Thus, "[d]eliberate indifference is a very high standard," and "a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) (citing *Estelle*, 429 U.S. at 105–06, 97 S.Ct. 285).

*Campbell*, 972 F.3d at 395. Additionally, "the subjective 'actual knowledge' standard required to find deliberate indifference may be proven by circumstantial evidence that a risk was so obvious that it had to have been known." *Makdessi v. Fields*, 789 F.3d 126, 136 (4th Cir. 2015).

Mr. Akinola alleges that Officer Lavin had "actual knowledge that Mr. Akinola faced a serious risk of harm from walking down a roughly 20-step metal staircase while wet, with both hands cuffed behind his back, and without an officer escort," and that Officer Lavin "affirmatively ordering and prodding Mr. Akinola to walk to the stairs while wet, shackled, and unescorted" was "an unreasonable response to this known risk." (ECF No. 57-3 ¶ 63).

Mr. Akinola also alleges that Officer Lavin "had actual knowledge that Mr. Akinola suffered serious medical needs" because "[Officer] Lavin witnessed Mr. Akinola's fall . . .; Mr. Akinola directly told Officer Lavin that he was in pain and needed immediate medical attention; and Officer Lavin recognized that Mr. Akinola could not walk unaided when he escorted Mr. Akinola back to his cell." (*Id.* ¶ 67). Mr. Akinola further alleges that Officer Lavin "knew that Mr. Akinola faced a substantial and excessive risk of harm, including remaining in severe, untreated pain, if he did not receive proper care, including immediate and timely medical attention and pain medication," but "did not take the steps necessary to ensure Mr. Akinola received the immediate and timely medical attention and pain medication he needed." (*Id.* ¶¶ 68-69). Thus, the proposed amended complaint sufficiently alleges deliberate indifference. *See Anderson*, 877 F.3d at 545.

Officer Lavin argues that it is not enough to allege he had "actual knowledge of acts from which a reasonable person might

12

have inferred the existence of a substantial and unique risk." Instead, he contends Mr. Akinola must "establish that [Officer Lavin] actually inferred that there *was* a risk of injury to" Mr. Akinola. (ECF No. 62, at 10). At this stage, Mr. Akinola does not have the burden of establishing his claim, rather, the proposed amended complaint need only state a plausible claim for relief that is not "clearly insufficient or frivolous on its face." *See Tawwaab*, 729 F.Supp.2d at 769. Taken as true and construed in the light most favorable to Mr. Akinola, the allegations in the proposed amended complaint are sufficient to state a plausible Eighth Amendment claim against Officer Lavin.

## IV. Conclusion

For the foregoing reasons, Mr. Akinola's motion to amend the complaint will be granted. A separate order will follow.

　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　DEBORAH K. CHASANOW
　　　　　　　　　　　　　　　　United States District Judge